```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2723

Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:07-CV-00930 LKK-CMK |
| Plaintiff, ) | |
| ) | STIPULATION TO EXTEND STAY |
| v. ) | AND **ORDER** |
| ) | |
| APPROXIMATELY $76,474.16 IN U.S. ) | |
| CURRENCY SEIZED FROM UNION BANK ) | |
| OF CALIFORNIA, ACCOUNT NUMBER ) | |
| 1280024941, ) | |
| ) | |
| Defendant. ) | |

Plaintiff United States of America, and Claimant Surinder Pal, by and through their respective counsel, hereby stipulate that a extension of the stay previously entered in this case is necessary and request that the Court enter an order staying all further proceedings for an additional three months pending the outcome of a on-going related criminal investigation against Claimant Pal.

    1.   Claimant Pal filed a claim to the defendant property on June 14, 2007.

    2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1)

1

and 981(g)(2).  The plaintiff contends that Pal structured cash deposits into his account at Union Bank by breaking the deposits into amounts under $10,000 so as to avoid the currency transaction reporting requirements of 31 U.S.C. § 5324(a)(3), and that the defendant property is therefore forfeitable to the United States pursuant to 18 U.S.C. §  984 and 31 U.S.C. §  5317(c)(2).

3.   To date claimant Pal, the owner of the property, has not been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on some of the potential criminal charges relating to the currency structuring offenses.  The investigation into this conduct is on-going.  Nevertheless, plaintiff intends to depose claimant Pal regarding his claim and his structuring of his cash deposits. If discovery proceeds at this time, claimant will be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to pursue his claim to the defendant real property, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating himself.  If he invokes his Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for the claim he filed with this court.

4.   In addition, claimant intends to depose the IRS agents involved in this investigation.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

5.   The parties recognize that proceeding with this action at

2

1 this time has potential adverse affects on the investigation of the
2 underlying criminal conduct and/or upon claimant's ability to prove
3 his claim to the property and assert any defenses to forfeiture.
4 For these reasons, the parties jointly request that this matter be
5 stayed for three months.  At that time the parties will advise the
6 court of the status of the criminal investigation and will advise
7 the court whether a further stay is necessary.

8     6.   The parties request that the status conference currently
9 scheduled for March 10, 2008, be vacated and rescheduled to
10 sometime in June 2008.

```
Dated: March 3, 2008            McGREGOR W. SCOTT
                                United States Attorney


                         By     /s/ Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney
                                Attorneys for Plaintiff
                                United States of America



Dated: March 3, 2008
                                /s/ Malcom S. Segal
                                MALCOLM S. SEGAL
                                Attorney for Claimant
                                Surinder Pal
                                (Original signature retained by
                                plaintiff)
```

**ORDER**

24     For the reasons set forth above, this matter is stayed
25 pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of
26 three months.  The status conference scheduled for March 10, 2008
27 is vacated and will be rescheduled to June 30, 2008 at 1:30 p.m. at

3

which time the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: March 4, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT